UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE CITY OF BERKELEY, MISSOURI, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:19CV168 RLW |
| | ) |
| FERGUSON-FLORISSANT SCHOOL DISTRICT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for a Temporary Restraining Order pursuant to Rule 65 of the Federal Rules of Civil Procedure. (ECF No. 14) Plaintiffs, the City of Berkeley and individual citizens of Berkeley serving as next friends of minor children, filed a Verified Complaint and Application for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction in federal court on February 1, 2019.[1] They filed the present motion for temporary restraining order on April 1, 2019, seeking to enjoin the Ferguson-Florissant School District ("District") and named individual Defendants[2] from going forward with its plan to close or reorganize schools in the District. (Pls.' Mot. for Temporary Restraining Order ¶ 1, ECF No. 14)

---

[1] Because the Complaint contained the full names of the minor children, the Complaint was filed under seal pursuant to E.D. Mo. L.R. 2.17. Plaintiffs' attorney was directed to file a redacted Complaint but, as of the date of this Memorandum and Order, has failed to do so.

[2] The individual Defendants sued in their official capacity, Robert Chabot, Scott Ebert, Leslie Hogshead, and Jessica Ponder, are members of the District's School Board who allegedly voted in favor of closing several schools that serve students who live in Berkeley and reorganizing other Berkeley schools. (Compl. ¶¶ 12-15, ECF No. 1)

## I. Background

In October 2017, the District's School Board ("Board") was presented with information about the possible closure and reorganization of some of the District's schools and facilities. (Aff. of Dr. Joseph Davis ¶ 4, ECF No. 20-1) The District held numerous community meetings pertaining to this issue and engaged the services of MGT Consulting Group ("MGT"). (*Id.* at ¶¶ 5-6) Based upon community feedback and the assessment from MGT, three options were presented at community meeting held on September 29, 2018 and at a Board meeting held on October 10, 2018. (*Id.* at ¶¶ 7-8) The Board adopted Option 2, which converted the McCluer South-Berkeley High School located in the City of Ferguson to a STEAM High School for grades 9 through 12. (*Id.* at ¶¶ 13-14) Option 2 also provided that the Berkeley Middle School will continue to serve grades 3 through 5, and Holman Elementary School will continue to serve Pre-K through 2nd grade. (*Id.* at ¶ 15) Both schools are located in Berkeley, Missouri. (*Id.*) Following the adoption of Option 2, the District has taken significant steps to implement the plan, including the appointment of principals and assistant principals, the hiring and placement of teachers and staff, and the completion of a website to allow parents to determine school and bus assignments for the 2019-2020 school year. (*Id.* at ¶¶ 18-22)

Plaintiffs contend that the closings and reorganization will cause the City of Berkeley and its citizens to have lower property values and a corresponding lower tax base and cause real estate developers to build elsewhere, which will result in less revenue and a reduction in city services. (ECF No. 14-1 pp. 2, 6) In addition, Plaintiffs assert that parents who moved into areas to allow their children to attend neighborhood schools will be forced to send their children to other schools, causing educational disruption and emotional, social, and academic hardship. (*Id.* at pp. 2, 7) Thus, Plaintiffs seek a Temporary Restraining Order to enjoin the District from

further implementation of Option 2. On April 9, 2019, the Court held a hearing on Plaintiffs' motion for temporary restraining order.

## II. Legal Standard

To determine whether a temporary restraining order is warranted, the Court considers four factors: "1) the threat of irreparable harm to the moving party; 2) the state of the balance between the harm to the moving party and the harm that granting the injunction will inflict on the other parties; 3) the probability that the moving party will succeed on the merits; and 4) the public interest." *Arthur J. Gallagher Risk Mgmt. Servs., Inc. v. Kinsey*, No. 4:08 CV 635 DDN, 2008 WL 2064797, at *1 (E.D. Mo. May 14, 2008) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981)). "Temporary injunctive relief functions to 'preserve the status quo until, upon final hearing, a court may grant full, effective relief.'" *Amdocs, Inc. v. Bar*, No. 4:16CV323 HEA, 2016 WL 9405679, at *3 (E.D. Mo. May 23, 2016) (quoting *Kansas City Southern Trans. Co., Inc. v. Teamsters Local Union # 41*, 126 F.3d 1059, 1065 (8th Cir. 1997)). Without a finding of irreparable injury to the moving party, however, injunctive relief should not be granted. *Phelps-Roper v. Cty. of St. Charles, Missouri*, No. 4:10CV02232 AGF, 2010 WL 5281668, at *1 (E.D. Mo. Dec. 17, 2010) (citing *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.*, 871 F.2d 734, 738 (8th Cir. 1989)). "A temporary restraining order is an extraordinary and drastic remedy . . . [and] [t]he burden of proving that the relief should be awarded rests entirely on the movant." *King v. Blake*, No. 4:08CV1050 RWS, 2009 WL 73678, at *1 (E.D. Mo. Jan. 9, 2009) (citations omitted).

## III. Discussion

Upon thorough consideration of the Plaintiffs' motion for temporary restraining order, the Defendants' response in opposition, and the oral arguments presented at the hearing, the Court finds that the relevant factors do not weigh in favor of issuing a temporary restraining order.

## A. Threat of Irreparable Harm

First, Plaintiffs are unable to show irreparable harm. Failure to show irreparable harm is an independently sufficient ground upon which to deny a temporary restraining order. *See Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). Plaintiffs assert that children do not know which schools they will attend, causing irreparable emotional and academic harm from the involuntary displacement. Plaintiffs also claim that the closure of Berkeley schools will lower property values in Berkeley and lead to the destabilization of the Berkeley community. However, the Court notes that, despite Plaintiffs allegations of immediate, irreparable harm, Plaintiffs waited four months after the Board's decision to file a Complaint in federal court and two more months to file the present motion for temporary restraining order. This six month delay in seeking a temporary restraining order belies any assertion that Plaintiffs have suffered or will suffer any immediate or irreparable harm resulting from the District reorganization. *Amdocs, Inc. v. Bar*, 2016 WL 9405679, at *4; *see also Hubbard Feeds, Inc. v. Animal Feed Supplement, Inc.*, 182 F.3d 598, 603 (8th Cir. 1999) (finding a delay in moving for preliminary injunctive relief negates a claim of irreparable injury pending trial). Here, the Court finds that Plaintiffs' lack of diligence in filing the Complaint and the motion for temporary restraining order is inconsistent with their assertion that they will suffer immediate and irreparable harm.

Further, contrary to Plaintiffs' allegations in their Complaint, Option 2 does not eliminate all schools from the City of Berkeley. Both Berkeley Middle School and Holman Elementary will collectively serve students in grades Pre-K to 5. In addition, Berkeley never had a public high school located in the city, as McCluer South-Berkeley is located in Ferguson, Missouri. Thus, the Court finds that Plaintiffs have failed to demonstrate that they will be irreparably harmed without the issuance of a temporary restraining order. While the Court may deny the motion on this basis alone, the Court will also address the other *Dataphase* factors.

4

## B. The Balance of Harms

"The balance of harms analysis examines the harm of granting or denying the injunction upon both of the parties to the dispute and upon other interested parties, including the public." *Noodles Dev., LP v. Ninth St. Partners, LLP*, 507 F. Supp. 2d 1030, 1038 (E.D. Mo. 2007) (citations omitted). "[A]n illusory harm to the movant will not outweigh any actual harm to the non-movant." *Id.* at 1039. Courts look to the threat of each of the parties' rights from granting or denying the temporary restraining order and the potential economic harm to each of the parties. *Id.* Here, the Court finds that the harm asserted by the Plaintiffs with respect to decreased property values and real estate development, as well as emotional and academic harm to students is merely speculative. However, as shown by Defendants, enjoining the implementation of Option 2 would have a direct and negative impact on the District, its teachers and administrators, the students, and the families located within the District. The District has redrawn the school boundary lines; reassigned principals, teachers, and staff; provided information regarding bus and school assignments to families; and assisted high school students in developing their schedules. (Davis Aff. ¶ 23) If the District were enjoined from continuing these efforts, such injunction would negatively affect the District's efforts to fulfill the reorganization option voted by the Board. Further, the District has expended public funds to close certain schools and staff other buildings. (*Id.*) Thus, the Court finds that the balance of harms weighs in favor of the Defendants.

## C. Probability of Success on the Merits

Plaintiffs contend that there is a substantial likelihood that they will succeed on the merits at trial given the "extreme egregiousness of Defendants' policies and practices." Plaintiffs claim that the decision of the District was motivated by racial animus to negatively impact African American citizens residing in Berkeley. "[A] showing of likelihood of success on the merits

5

requires simply that the moving party find support for its position in the governing law."
*Noodles Dev., LP*, 507 F. Supp. 2d at 1034. The Court notes that Defendants have filed a motion to dismiss, arguing that Plaintiffs have failed to state a valid claim under § 1983 because the City of Berkeley cannot bring a § 1983 claim for an alleged violation of the Fourteenth Amendment and the decision of the District's Board passes a rational basis analysis. (ECF No. 10) At the hearing, Plaintiffs' attorney acknowledged that the school Board has the right and responsibility to make decisions it deems best for the students and families in the District. After review of the Complaint, Defendants' motion to dismiss, and Plaintiffs' response in opposition, the Court finds that Plaintiffs have not met their burden of demonstrating the likelihood of success on the merits to warrant a temporary restraining order.

### D. Public Interest

Finally, Plaintiffs argue that closing neighborhood schools will lead to the destabilization of the Berkeley community such that it is in the public interest to enjoin Defendants from further implementation of the reorganization plan. However, Option 2 was chosen to reduce the size of kindergarten classes; offer more Pre-K opportunities; and combine resources to efficiently use taxpayer money for curricular materials. (Davis Aff. ¶ 24) The Court finds that public interest does not weigh in favor of a temporary restraining order, as Option 2 was selected to benefit the entire District community. Thus, the Court concludes that Plaintiffs have not satisfied the *Dataphase* factors required for the Court to issue a temporary restraining order, and the balance of interests weighs against the issuance of such temporary restraining order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Temporary Restraining Order (ECF No. 14) is **DENIED.**

6

**IT IS FURTHER ORDERED** that Plaintiffs shall file their Complaint in redacted format consistent with E.D. Mo. L.R. 2.17 no later than April 15, 2019.

Dated this 10th day of April, 2019.

                                              */s/ Ronnie L. White*
                                       **RONNIE L. WHITE**
                                       **UNITED STATES DISTRICT JUDGE**