# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| THE CITY OF BERKELEY, MISSOURI, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:19CV168 RLW |
| ) | |
| FERGUSON-FLORISSANT ) | |
| SCHOOL DISTRICT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Ferguson-Florissant School District ("District"), Robert Chabot, Scott Ebert, Leslie Hogshead, and Jessica Ponder's (collectively "Defendants") Motion to Dismiss Plaintiffs' Verified Complaint and Application for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 10). The motion is fully briefed and ready for disposition. For the reasons set forth below, the Court grants Defendants' motion to dismiss.

## I. Background

Ferguson-Florissant is a school district located in north St. Louis County, Missouri. (Pl.'s First Am. Compl. ¶ 11, ECF No. 24) The District includes all or part of eleven municipalities, including the City of Berkeley, and is governed by a seven member school board. (*Id.*) The District's School Board[1] ("Board") approved a reorganization of the District which resulted in the closing of schools, the reorganization of schools, and the transfer of students to other schools. (*Id.* at ¶ 3) For instance, the District formerly had three full service high schools, McCluer, McCluer North, and McCluer South-Berkeley. (*Id.* at ¶ 3 n. 2) The District

---

[1] Plaintiffs bring claims against only four of the seven Board members in their official capacity.

reorganized McCluer South-Berkeley into a STEAM high school, causing the students at the Berkeley school to transfer to either McCluer or McCluer North. (*Id.* at ¶¶ 3 n. 2, 27) The plan also closed a grade school and a middle school in Berkeley. (*Id.* at ¶ 32)

On February 1, 2019, Plaintiffs filed a Verified Complaint and Application for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction. (ECF No. 1) Plaintiffs filed an identical First Amended Complaint on April 15, 2019 with the names of the minor children replaced with initials. (ECF No. 24) Plaintiffs are the City of Berkeley, minor students who attended Berkeley schools, and their relatives as next friends. (*Id.* at ¶¶ 5-10) Plaintiffs contend that the school closings and reorganization will cause irreparable harm to the City of Berkeley, as the actions disproportionately affect the Berkeley citizens and the young people who attend Berkeley neighborhood schools. (*Id.* at ¶¶ 4, 22) Plaintiffs assert the District's decision will destabilize the Berkeley community, decrease the city's population, cause real estate developers to build elsewhere, lower property values, and cause hardships on parents and students. (*Id.* at ¶¶ 16, 22-23, 25, 32)

Plaintiffs bring claims under 42 U.S.C. § 1983 for violations of their right to equal protection under the Fourteenth Amendment by implementing a reorganization that closes neighborhood schools. (*Id.* at ¶ 30) They also claim the reorganization violates Section Two of the Missouri Constitution because the action violates Plaintiffs' natural rights to equality under the law. (*Id.* at ¶ 31) Plaintiffs assert Defendants affirmatively created or increased the risk that Plaintiffs would be exposed to disparate treatment and be adversely affected by the reorganization. (*Id.* at ¶ 40) Further, they allege Defendants knew or should have known their acts or omissions would specifically harm the Plaintiffs. (*Id.* at ¶ 41) Plaintiffs seek injunctive relief preventing the District from implementing the reorganization plan and enjoining the

2

relocation of students to different schools. They also seek attorney's fees and costs. On March 26, 2019, Defendants filed a motion to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 10)

## II. Legal Standard

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).

However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

3

### III. Discussion

In their motion to dismiss, Defendants argue the Court should dismiss Plaintiffs' complaint because it fails to state a valid claim under § 1983. Specifically, Defendants contend the City of Berkeley cannot bring a claim under § 1983 for an alleged violation of the Fourteenth Amendment, and the decision of the Board to reorganize the schools passes the rational basis test. In response, Plaintiffs assert the City of Berkeley can advance constitutional claims, and the District's actions flunk the rational basis test. Further, Plaintiffs claim racial discrimination by the Defendants, to which strict scrutiny applies. The Court finds dismissal of Plaintiffs' complaint is warranted.

### A. § 1983 claim by the City of Berkeley

Defendants argue Plaintiff City of Berkeley cannot maintain a constitutional claim under § 1983 because it has no rights under the Fourteenth Amendment to the United States Constitution. "To state a claim under § 1983, a plaintiff must allege (1) the defendant acted under the color of state law and (2) the defendant's alleged conduct deprived the plaintiff of a federally-protected right." *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). Plaintiff's Fourteenth Amendment claim appears to be one for violation of equal protection under the law. The Fourteenth Amendment guarantees that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law."

However, several federal courts have held a municipality may not challenge acts of the state under the Fourteenth Amendment regardless of whether the defendant is the state itself or one of the state's political subdivisions. *Vill. of Arlington Heights v. Reg'l Transp. Auth.*, 653 F.2d 1149, 1153 (7th Cir. 1981); *see also Hous. Auth. of Kaw Tribe of Indians of Oklahoma v.*

*City of Ponca City*, 952 F.2d 1183, 1190 (10th Cir. 1991) ("We thus conclude that a political subdivision of a state may not challenge the validity of an act by a fellow political subdivision under the Fourteenth Amendment unless such an action is expressly authorized by the creating state."); *S. Macomb Disposal Auth. v. Washington Twp.,* 790 F.2d 500, 505 (6th Cir. 1986) ("[A] political subdivision of a state cannot challenge the constitutionality of another political subdivision's ordinance on due process and equal protection grounds."); *Delta Special Sch. Dist. No. 5 v. State Bd. of Educ. for State of Ark.,* 745 F.2d 532, 533 (8th Cir. 1984) ("A political subdivision of a state cannot invoke the protection of the fourteenth amendment against the state."); *Bd. of Water Works Trustees of City of Des Moines, Iowa v. Sac Cty. Bd. of Supervisors*, No. C15-4020-LTS, 2017 WL 1042072, at *7 (N.D. Iowa Mar. 17, 2017) (finding claim not cognizable where one political subdivision created by the state legislature sues another political subdivision created by the same legislature and contends a violation of plaintiff's rights under the U.S. Constitution).

In Missouri, both municipalities such as City of Berkeley and entities such as the Ferguson-Florissant school board are considered political subdivisions of the state. *See City of Ellisville v. Lohman*, 972 S.W.2d 527, 531 (Mo. Ct. App. 1998) (naming Berkeley as a political subdivision of St. Louis County); *Control Tech. & Sols. v. Malden R-1 Sch. Dist.,* 181 S.W.3d 80, 81 (Mo. Ct. App. 2005) (noting a school district is a political subdivision under Missouri law). The Court finds the City of Berkeley, as a political subdivision of Missouri, may not bring a claim for violation of a right to equal protection under the Fourteenth Amendment. Therefore, the § 1983 action by the City of Berkeley against Defendants must be dismissed.

**B. § 1983 Claim by Individual Plaintiffs**

Defendants next claim the decision by the District passes a rational basis analysis. Plaintiffs, however, contend nothing about the Defendants' decision to close or reorganize schools located in Berkeley is rational. To the contrary, Plaintiffs argue at the motion to dismiss stage, the Court must accept as true the allegations in the Complaint and may not look outside the pleadings. Thus, Plaintiffs claim there is no evidence that Defendants' decision passes the rational basis test. Further, Plaintiffs assert the strict scrutiny test applies because Plaintiffs allege discrimination based on their race.

At the outset, the Court finds that it may dismiss an equal protection claim at this stage of the litigation. *See Johnson v. City of Minneapolis*, 152 F.3d 859, 863 (8th Cir. 1998) (agreeing that plaintiff's complaint failed to plead an equal protection claim upon which relief could be granted and affirming the district court's dismissal of that claim). To state an equal protection claim, Plaintiffs must establish they were treated differently from others similarly situated to them. *Id*. at 862.

In their Complaint, Plaintiffs allege they received disparate treatment and were adversely affected by the decision to close and reorganize Berkeley schools. Plaintiffs claim they will be involuntarily displaced and will experience "decay and decline" of their neighborhoods while students in other parts of the District will continue to enjoy the benefits flowing from neighborhood traditions and family legacies. Plaintiffs point to no evidence or case law which supports a claim that residents of a municipality are a protected class. Further, while Plaintiffs also assert the decision by the District constitutes discrimination based on race such that Plaintiffs are a protected class, the Complaint is void of any factual allegations supporting this conclusory allegation of race-based disparate treatment. Indeed, Plaintiffs state the District is

6

comprised of eleven municipalities yet only compares one other municipality, Florissant, to Berkeley to demonstrate racial disparity in the decision. Such bare allegations are insufficient to show the District's decision was based on racial animus. *See Foster v. Wyrick*, 823 F.2d 218, 221 (8th Cir. 1987) ("Proof of discriminatory racial purpose is required to establish an equal protection violation; an official act is not unconstitutional solely because it has a racially disproportionate impact.").

Because no protected class is involved, the Court reviews the decision to reorganize the District schools for rational basis. "Where rational basis review is appropriate, the plaintiff . . . bears the burden of proof . . . ." *Id*. The Supreme Court has held "'a classification neither involving fundamental rights nor proceeding along suspect lines ... cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose.'" *Armour v. City of Indianapolis, Ind.,* 566 U.S. 673, 680 (2012) (quoting *Heller v. Doe,* 509 U.S. 312, 319–320 (1993)).

As stated in the Complaint, the District held a board meeting and heard testimony regarding the potential negative effects of the closings and reorganization. (ECF No. 24 at ¶¶ 32-36) Even those board members opposed to the plan agreed the status quo in the District was unacceptable and changes needed to be made. (*Id.* at ¶ 35) The District chose an option that a majority of the Board could agree upon. The Eighth Circuit has acknowledged courts owe deference to School Board's decisions. *Liddell by Liddell v. Bd. of Educ. of City of St. Louis*, 967 F.2d 1241, 1245 (8th Cir. 1992). Plaintiffs' assertion that the Court must accept everything contained in the Complaint as true is not the legal standard in addressing a motion to dismiss for failure to state a claim. As previously stated, Courts need not accept as true a legal conclusion couched as a factual allegation. *Iqbal,* 556 U.S. at 662. Plaintiffs' Complaint is filled with

7

conjecture and conclusory statements about lower property values and irreparable harm to the students without any factual allegations to support a plausible claim of an equal protection violation. These legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678. Thus, the Court finds Plaintiffs' Verified Complaint fails to state a claim for which relief can be granted under § 1983, and the Court dismisses the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). With respect to Plaintiffs' state law claim that Defendants violated the Missouri Constitution, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 and will dismiss that claim without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Verified Complaint and Application for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 10) is **GRANTED**, and Plaintiffs' Verified Complaint under 42 U.S.C. § 1983 is **DISMISSED** with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claim for violation of the Missouri Constitution, and that claim is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Bond (ECF No. 15) is **DENIED** as **MOOT.**

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 4th day of November, 2019.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**